IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────────────────

JAMES THULL,

                Appellant,                OPINION & ORDER

  v.

WELLS FARGO BANK, N.A.,                17-cv-390-jdp

                Appellee.
───────────────────────────────────────────────────────────

     Pro se appellant James Thull appeals from a decision of the United States Bankruptcy Court for the Western District of Wisconsin granting relief from the automatic stay in his Chapter 13 bankruptcy proceeding. Appellant Wells Fargo Bank, N.A., sought relief from the automatic stay to enforce its rights under a promissory note and a mortgage to Thull's home. The bankruptcy court held a series of three hearings on Wells Fargo's motion to give Thull the opportunity to verify Wells Fargo's payment records. Ultimately, the bankruptcy court granted Wells Fargo's motion at the third hearing, which Thull failed to attend.

     On appeal, Thull raises two arguments: (1) Wells Fargo lacked standing to seek relief from the automatic stay because it was not true holder of the promissory note; and (2) Thull was deprived of the opportunity to present evidence in opposition to Wells Fargo's motion because he had not received adequate notice of the third hearing. For the reasons explained below, neither argument provides a reason to reverse the decision of the bankruptcy court.

BACKGROUND

I draw the following facts from Wells Fargo's appendix to its brief and the record from Thull's bankruptcy proceeding. Dkt. 6; Dkt. 10-1; *In re Thull*, 13-15255 (Bankr. W.D. Wis. filed Oct. 29, 2013).

In May 2005, Thull obtained a note from Argent Mortgage Company, LLC, for $104,000 to purchase his home and signed a mortgage designating his home as collateral for the note. In May 2012, the mortgage was assigned to Wells Fargo. Dkt. 97-3. As for the note, it was endorsed in blank, which would make the note payable to the holder. *See* B. Dkt. 97-1, at 3. Wells Fargo filed copies of the note and other loan documents during Thull's bankruptcy proceeding. B. Dkt. Claims Register, Claim 10-1 and B. Dkt. 97.[1]

## A. Bankruptcy proceeding

Thull filed for Chapter 13 bankruptcy in October 2013. Thull initially reported that Select Portfolio Servicing, Inc., was one of his creditors. B. Dkt. 9, at 8. Wells Fargo filed a proof of claim indicating that Select Portfolio Servicing was merely the servicer for Wells Fargo, the assignee of the note and mortgage. Dkt. 6-2, at 50-83. Thull then filed a modified Chapter 13 plan listing Wells Fargo as a creditor with a secured claim for his home, B. Dkt. 54, at 1–2. After filing that modified plan, Thull objected to Wells Fargo's claim on several grounds, including that Wells Fargo had failed to produce the original note for his verification and that the assignment of the mortgage was fraudulent. B. Dkt. 62, at 2. The bankruptcy court confirmed Thull's Chapter 13 plan, B. Dkt. 66, and denied Thull's objection to Wells Fargo's

---

[1] All "B. Dkt." citations refer to the bankruptcy court docket. *In re Thull*, 16-12556 (Bankr. W.D. Wis. filed Oct. 29, 2013).

claim after a hearing at which Thull appeared pro se, B. Dkt. 75. Thull filed a further modified plan, again listing Wells Fargo as a secured creditor. B. Dkt. 87.

In February 2017, Wells Fargo moved for relief from the automatic stay, alleging that Thull had failed to make the post-petition mortgage payments required under the plan from June 2015 to January 2017. B. Dkt. 97. The bankruptcy court held an initial telephonic hearings on Wells Fargo's motion on March 7, 2017. The bankruptcy court adjourned the hearing until April 4, 2017, so that Wells Fargo could provide Thull with its payment ledger which would allow Thull to verify whether the allegations of missed payments were correct. Wells Fargo provided the payment ledger. B. Dkt. 103. The bankruptcy court adjourned the hearing yet again to May 9, 2017, apparently in response to Thull's request for more time so he could collect and file documents. B. Dkt. 105. Thull was again asserting that Wells Fargo was not the true owner of the note and mortgage. B. Dkt. 104.

Thull did not appear at the May 9, 2017 hearing, and the bankruptcy court granted Wells Fargo's motion in all respects. B. Dkt. 112.

**B. Jurisdiction**

This court has jurisdiction over appeals from "final judgments, orders, and decrees" of a bankruptcy court. 28 U.S.C. § 158(a)(1). The bankruptcy court's order granting Wells Fargo's motion for relief from the automatic stay constitutes a final judgment. *See Colon v. Option One Mortg. Corp.*, 319 F.3d 912, 916 n.1 (7th Cir. 2003).

**C. Oral argument**

Thull asked this court for an accommodation earlier in the case to present his arguments orally. Dkt. 7. He stated that he suffered from a brain injury, which he could show by presenting his medical records if requested by the court. *Id*. Under Federal Rule of Bankruptcy

3

Procedure 8019(b), an appellant is presumptively entitled to oral argument. But a district court need not hold oral argument when "the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." Fed. R. Bankr. P. 8019(b)(3). Thull has finished briefing this case, and his briefs and submissions filed with the bankruptcy court indicate that he can articulate his arguments in writing without difficulty and understand Wells Fargo's arguments. The facts and legal arguments are adequately presented in the briefs and record, so oral argument is unnecessary.

ANALYSIS

**A. Standing**

A secured creditor who cannot foreclose on its collateral because of the automatic stay in a bankruptcy proceeding has Article III standing. But to have standing to invoke a statute, the claimant must be a person protected by the statute. *Matter of James Wilson Assocs.*, 965 F.2d 160, 168 (7th Cir. 1992). The pertinent statute here is the Bankruptcy Code's provision allowing a "party in interest" to seek relief from an automatic stay. 11 U.S.C. § 362(d). A secured creditor who has a "colorable claim" arising from a note is a "party in interest" who has standing to seek relief from an automatic stay. *In re Rinaldi*, 487 B.R. 516, 530 (Bankr. E.D. Wis. 2013).

Wells Fargo has such a colorable claim, which gives it standing here. Wells Fargo filed copies of the note and other loan documents when it filed proof of its claim and again when it moved for relief from the automatic stay. B. Dkt. Claims Register, Claim 10-1 and B. Dkt. 97. Those documents indicated that Wells Fargo was a secured creditor who held the note endorsed in blank and thus had the right to enforce the note under the Uniform Commercial Code.

B. Dkt. Claims Register, Claim 10-1 and B. Dkt. 97. *See* Wis. Stat. §§ 401.201(2)(km)(1), 403.205(2), 403.301.

Thull contends that Wells Fargo lacked standing to seek relief from the automatic stay because Wells Fargo is not really the holder of his note and mortgage, or at least that Wells Fargo has not proven that it holds the note and mortgage. Although Thull pitches this as a question of standing, it is really an attack on the merits of Wells Fargo's claim. And because the bankruptcy court has overruled Thull's objection to Wells Fargo's claim, Thull is actually challenging the bankruptcy court's decision on the merits of Wells Fargo's claim and Thull's objection to it.

Thull contends that the bankruptcy court did not actually rule on his objection to Wells Fargo's standing, but he is mistaken. The bankruptcy court ruled against Thull after a hearing when it denied his objection to Wells Fargo's claim. B. Dkt. 75. The time to appeal that decision is long past. So Thull's speculation in his reply brief, Dkt. 14, at 2, that Wells Fargo is not the legitimate holder of the promissory note is really irrelevant on appeal. (And, even if not irrelevant, those speculations fall short of showing that the bankruptcy court's findings were clearly erroneous.)

The bankruptcy court again ruled against Thull when it granted Wells Fargo's motion for relief from the automatic stay. B. Dkt. 112. On appeal, Thull gives this court no reason to conclude that the bankruptcy court's grant of Wells Fargo's motion to lift the stay was an abuse of discretion, which is the applicable standard of review. *See Matter of McGaughey*, 24 F.3d 904, 906 (7th Cir. 1994). Wells Fargo provided ample documentation that Thull was not making post-petition mortgage payments under his plan. Although Thull asked for the opportunity to verify Wells Fargo's payment records, he had such an opportunity. He also did not contend or

5

present evidence that he was actually making payments or that Wells Fargo was adequately protected.

**B.  Notice of the May 9, 2017 hearing.**

Thull contends that the bankruptcy court failed to provide him with adequate notice of the May 9, 2017 hearing. According to Thull, he did not attend the hearing and present evidence to oppose Wells Fargo's motion because the notice of the hearing written by the bankruptcy judge was "incomprehensible." Dkt. 14, at 1. He argues that the notice was deficient because it was "poorly written," did not provide a date or time for the upcoming hearing, did not include a number to call to join the telephonic conference, and did not include a number he could call for assistance. Dkt. 9, at 3.

Thull does not contend that he did not receive notice of the hearing; his argument is that he did not understand it. Under some circumstances, I might have some sympathy for a layperson who did not understand that the term "adjourned" meant that the hearing would be continued at a later date. But that doesn't help Thull here, because he participated in the April 4, 2017 hearing at which the next hearing date was set. And, contrary to Thull's contention, the written notice does give the date and time for the next hearing. B. Dkt. 107. This was the third hearing on Wells Fargo's motion, and Thull had no trouble participating in the first two, which were noticed with the same procedures that Thull complains of now. Thull is unrepresented by counsel, but he has had enough experience in his own case to understand when the court had scheduled a hearing.

ORDER

IT IS ORDERED that:

1. The order of United States Bankruptcy Court for the Western District of Wisconsin granting relief of the automatic stay in Case No. 13-15255 is AFFIRMED.

2. The clerk of court is directed to enter judgment in favor of appellee Wells Fargo Bank, N.A. and close the case.

Entered March 20, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge